UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **DAVID P. CARRERE** | **CIVIL ACTION NO. 16-cv-00591** |
|     **LA. DOC #457493** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **STEVE MAY, ET AL** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff David P. Carrere, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 28, 2016. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the Caldwell Correctional Center (CCC), Grayson, Louisiana. He names as defendants the CCC, Caldwell Parish Sheriff Steve May, Nurse Teressa Corley, Warden David Callender, Sgt. Curtis, GEO and the Louisiana Department of Corrections.

*STATEMENT OF THE CASE*

According to plaintiff, on November 20, 2015, while delivering "slop" to a friend of Warden David Callender and Sheriff Steve May, he slipped and fell in the kitchen at CCC and injured his back. [Rec. Doc. 1, p. 3; Rec. Doc. 6, p. 2.] Kitchen Sargent Curtis witnessed the accident, but did not report it. *Id.* That night, he was taken to Citizen Hospital, given a shot to ease the pain, a prescription for pain medication and a recommendation to see a specialist. *Id.* Three days later, LPN Theresa Corley paid him a medical visit for the first time and told him that she had to "see if the doctor's prescription was right." *Id.* at p. 5. He asserts that he has made weekly requests to be seen by a doctor at CCC since the incident, to no avail, and that Nurse Corley "refuses to acknowledge

that he is injured and ignores his requests to be seen[1]." *Id.* at p. 5.  Moreover, plaintiff states that he was bedridden for days following the incident and yet Nurse Corley "neglected to even speak" to him. [Rec. Doc. 6, p. 3] He alleges that he is having trouble with his back to this day and nothing has been done to treat him[2]. *Id.* at p. 4.

## *LAW AND ANALYSIS*

**1. Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding in forma pauperis, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for sua sponte dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on

---

[1] Plaintiff states that he has no "paperwork" regarding this matter as the grievance system at CCC is lacking and he was told by Nurse Corley that there were no records. [Rec. Doc. 1, p. 5; Rec. Doc 6, p. 6] Furthermore, in the Conclusion of the Amended Complaint, the "Inmate Legal Advisor" makes statements regarding the grievance system at CCC and the law library. [Rec. Doc. 6, p. 6] However, as these allegations are not related to the instant claim for denial of medical care, and because they are actually made on behalf of Mr. Landmond, the "Advisor," they are not addressed in this Report and Recommendation and should be raised in a separate Complaint if either plaintiff or Mr. Landmond wishes to pursue them.

[2] Plaintiff states in his Original Complaint that Nurse Corley was fired from CCC for "not treating injured patients and for not following directives by her attending physicians." [Rec. Doc. 1, p. 5] However, throughout his Complaint, and in his Amended Complaint, filed July 1, 2016, he speaks of the present-tense actions by Nurse Corley, continuing to deny him medical care.

an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### 2. Improper Parties

The court notes that some parties to this action do not have the capacity to be sued; specifically, the CCC and Louisiana Department of Corrections. Federal Rule of Civil Procedure 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the CCC or the Louisiana DOC have the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. The CCC is not a juridical entity capable of being sued. Furthermore, the Louisiana Department of Corrections, a state agency, is not a "person" within the meaning of 42 U.S.C. § 1983. *Mays v. Louisiana,* 11-1010, 2013 WL 3463484 (W.D. La. July 9, 2013) (*citing Stotter v. University of Texas at San Antonio*, 508 F.3d 812, 821 (5th Cir.2007); *Will v. Michigan State Dep't of Police*, 491 U.S. 58, 71 (1981)). Accordingly, CCC and the Louisiana Department of Corrections should be dismissed.

### 3. GEO

Plaintiff also names GEO as a defendant in its supervisory capacity, apparently seeking to hold this corporate entity liable under 42 U.S.C. § 1983 for the acts or omissions of its employees. However, just as a municipal corporation is not vicariously liable for the constitutional torts of its

employees, a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights. *Folden v. West Carroll Detention Center*, 1202539, 2013 WL 557198 (W.D. La. Jan . 17, 2013); *see also Rosborough v. Mgmt. & Training Corp*., 350 F.3d 459, 461 (5th Cir.2003) (the Fifth Circuit extended municipal corporate liability under § 1983 to include private prison-management corporations and their employees).

Plaintiff's complaint is devoid of any allegations that an official policy or custom was the "moving force" behind their employee's alleged deprivation of his civil rights. *See Folden, supra*. In other words, plaintiff's claims against GEO is subject to dismissal because plaintiff has alleged only vicarious liability on the part of the corporate entity and, therefore, all claims against GEO should also be dismissed for failure to state a claim upon which relief may be granted.

### *4.   Caldwell Parish Sheriff Steve May and Warden David Callender*

Plaintiff's claims against Caldwell Parish Sheriff Steve May and CCC Warden David Callender arise out of the slip and fall incident alleged in his complaint. According to his amended complaint [Rec. Doc. 6, p. 2], Mr. Carrere was carrying "slop" to a friend of the Warden and the Sheriff when he slipped and fell, causing the injuries complained of herein.

A "slip and fall" negligence claim is not cognizable in a federal civil rights action. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). As the United States Fifth Circuit Court of Appeals has observed, " '[I]t is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" *Price v. Roark*, 256 F.3d 364, 370 (5th Cir.2001) (quoting *Nesmith v. Taylor*, 715 F.2d 194, 196 (5th Cir.1983)).

Plaintiff's allegations regarding this slipping and falling in the kitchen raise nothing more than a negligence claim. *Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir.1995) (inmate's allegation that leaking air conditioning unit made floor wet, resulting in prisoner slipping and falling, is a garden-variety negligence claim, not deliberate indifference); *see also LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir.1993) ("slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment."); *Benton v. Grant*, 31 Fed.Appx. 160 (5th Cir.2001)(unpublished)(no remedy under Section 1983 for injuries sustained in jail slip and fall or for claim that defendants knew of leak in ceiling and failed to repair it); *McLaughlin v. Farries*, 122 Fed.Appx. 692 (5th Cir.2004)(unpublished)(inmate complained that defendants knew that a leaky air conditioner caused water to accumulate on the floor of his cell, which inmate slipped and fell in, causing injury. Inmate's claim was one of negligence, which was not actionable under Section 1983.). Both the United States Supreme Court and the Fifth Circuit Court of Appeals have ruled that "slip and fall" negligence claims are not cognizable under § 1983. *See Daniels v. Williams*, 474 U.S. 327 (1986).

Moreover, rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm that results in injury. Deliberate indifference requires the subjective intent to cause harm. *Hare v. City of Corinth*, Miss., 74 F.3d 633, 649 (5th Cir.1996)(en banc). Plaintiff has not alleged that Sheriff May and/or Warden Callender acted with deliberate indifference, an intent to cause harm to him. Accordingly, plaintiff's claims against these defendants should be dismissed.

### 5. Sgt. Curtis

Plaintiff's allegations against Sgt. Curtis are rooted solely in his alleged failure to report plaintiff's fall. [Rec. Doc. 6, p.2] The constitutional right of a convicted prisoner to prompt and

adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. As stated above, rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm which results in injury. Deliberate indifference requires that the defendant have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. The defendant must have the subjective intent to cause harm. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Thus, in order to establish an actionable constitutional violation the prisoner plaintiff must allege facts tending to establish that the defendant was deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Plaintiff has not alleged facts sufficient to establish that Sgt. Curtis disregarded a serious medical need by simply failing to report a fall. Furthermore, per plaintiff's complaint, he was taken to the hospital "immediately" following the fall. [Rec. Doc. 1, p. 4] Accordingly, plaintiff's pleadings fall far short of alleging facts sufficient to establish deliberate indifference on the part of any of Sgt. Curtis and any claims against him should be dismissed.

Therefore,

**IT IS RECOMMENDED THAT** all claims against CCC, GEO, Louisiana Department of Corrections, Sgt. Curtis, Sheriff Steve May and Warden David Callender ONLY should be **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996). September 9, 2016., in chambers.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE