UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **DAVID P CARRERE** | * | **CIVIL ACTION NO. 16-0591**<br>Section P |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **STEVE MAY ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion for summary judgment, [doc. # 16], filed by defendant Teressa Corley. The motion is unopposed. For reasons assigned below, it is recommended that the motion be GRANTED and that Plaintiff's claims be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

**Background**

On April 28, 2016, *pro se* plaintiff David Carrere, an inmate in the custody of Jackson Parish Correctional Center, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. Carrere alleges that he sustained back injuries on November 20, 2015, as a result of a slip and fall that occurred while he was incarcerated at Caldwell Correctional Center ("CCC"). [doc. #1, p. 4]. Carrere was taken to Citizen Hospital the evening of November 20th where the tending doctor told Carrere he needed to see a specialist, gave him a shot to ease the pain, and wrote a prescription for pain medication. *Id.* at 4-5. Three days later, nurse Teressa Corley paid Carrere a medical visit and told plaintiff "that she had to see if the doctor's prescription was right." *Id.* at 5. Carrere said he made several more attempts to see nurse Corley, to no avail. [doc. #6, p. 3]. He complains that nurse Corley "refused to see him and ignored his several requests to see her." *Id.*

at 4. He states that he is still having back problems and nothing has been done to treat him. *Id.* Carrere named as defendants the CCC, Caldwell Parish Sheriff Steve May, nurse Teressa Corley, Warden David Callender, Sergeant Curtis, GEO Corrections ("GEO"), and the Louisiana Department of Corrections ("LDC").

On September 9, 2016, the undersigned completed initial screening pursuant to 28 U.S.C. §§ 1915 and 1915A, and issued a report and recommendation recommending dismissal of all Carrere's claims, except his claims against defendant nurse Corley. [doc. #8]. On November 14, 2016, the district court adopted the report and recommendation, and dismissed Plaintiff's claims against CCC, GEO, LDC, Sgt. Curtis, Sheriff May, and Warden Callender. [doc. #12].

On April 7, 2017, Corley filed the instant motion for summary judgment, arguing that Carrere's claims should be dismissed without prejudice for failure to exhaust CCC's administrative grievance procedure. [doc. #16]. On April 18, 2017, Carrere filed a letter with the Court asking for guidance on how to respond to Corley's motion. [doc. #21]. In response, on April 19, 2017, the Court issued an order explaining to Carrere that he should respond to Corley's motion with "any information he has that tends to agree or disagree with the allegations in the motion for summary judgment," with a focus on whether he has exhausted all steps of the grievance process. [doc. #22]. By the same order, the Court granted Carrere an extension of twenty-one days to respond. *Id.* To date, Carrere has not filed a response and defendant's motion is therefore deemed unopposed. *See* doc. #18. Accordingly, this matter is ripe.

## Discussion

### 1. Summary Judgment Standard

Summary judgment is appropriate when the evidence before the court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." FED R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.*

In evaluating the evidence tendered by the parties, the Court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. "The court need consider only the cited materials, but it may consider other materials in the record." FED.R.CIV.P. 56(c)(3). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). There can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23.

When a movant bears the burden of proof on an issue, it must establish "beyond peradventure all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, No. 91-6197, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

    2. Applicable Law

Pursuant to 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, and is required even where the relief sought cannot be granted by the administrative process. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). All "available" remedies must be exhausted, whether speedy and effective, or not. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). "Proper exhaustion requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules." *Johnson v. Kukua*, 342 F. App'x. 933, 934 (5th Cir. 2009) (citing *Woodford, supra*). An untimely or otherwise procedurally defective administrative grievance does not satisfy the exhaustion requirement. *Id*.

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. An inmate is required to "exhaust his remedies, irrespective of the form of relief sought, injunctive or monetary." *Richbourg v. Horton*, No. 08-10443, 2008 WL 5068680 (5th Cir. Dec. 2, 2008) (unpubl.) (citation omitted). In addition, exhaustion applies to claims brought against defendants in their official and/or

individual capacities. *See*, *e.g., Williams v. Henagan*, 595 F.3d 610, 618 (5th Cir. 2010); *Hines v. Texas*, 76 F. App'x. 564 (5th Cir. 2003).

The Fifth Circuit consistently has held that an inmate's ignorance of a prison's grievance procedures does not excuse his noncompliance. *Aguirre v. Dyer*, 233 F. App'x. 365 (5th Cir. 2007); *Simkins v. Bridges*, 350 F. App'x. 952, 953-54 (5th Cir. 2009); *Plaisance v. Cain*, 374 F. App'x. 560, 561 (5th Cir. 2010). Moreover, a prisoner is required to exhaust all steps of a grievance process even if the prison fails to respond to his grievances at an earlier step in the process. *Hicks v. Lingle*, 370 F. App'x. 497, 499 (5th Cir. 2010); *Ates v. St. Tammany Parish*, No. 13-5732, 2014 WL 1457777 (E.D. La. Apr. 15, 2014). Furthermore, to the extent that language on the form or policy regarding subsequent step review is phrased in discretionary rather than mandatory terms, the prisoner still must exhaust all "available" steps. *Id.* at *3 n. 10 (and cases cited therein); *see also Hicks, supra* (inmate required to proceed to second step even though procedure said only that inmate "may appeal" if dissatisfied with first step response).

Exhaustion is an affirmative defense; thus, the burden is on defendant to establish that plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

<u>3. Carrere Failed to Exhaust his Administrative Remedies</u>

The uncontroverted evidence establishes that the CCC had a two-step Administrative Remedy Procedure ("ARP") in effect during the relevant period. Warden Callender Decl. doc. #16-3, at 1-2; CCC Administrative Remedy Procedure ("CCC ARP") doc. #16-3, at 4. The first step of the ARP requires a prisoner to submit a grievance form to the warden's office within thirty days of the incident, where it is reviewed by the deputy warden, who will then issue a response to the inmate within fifteen days. Warden Callender Decl. doc. #16-3, at 1; CCC ARP

doc. #16-3, at 4. If an inmate does not hear from the deputy warden, the second step of the ARP provides that an inmate may ask for a Warden's Review within the following five days. *Id.*

In support of her motion for summary judgment, Corley adduced evidence that plaintiff never completed step two of the grievance process regarding his allegations of inadequate medical care that form the basis of this lawsuit. Warden Callender Decl. doc. #16-3, at 2. As plaintiff did not file a response to defendant's motion, he necessarily did not produce any evidence to controvert defendant's showing. In fact, in his original complaint, Carrere stated that he "had wrote an A.R.P. and sent it to the Department of Corrections and to date have never received anything back from them." [doc. #1, p. 3]. As stated above, a prisoner is required to exhaust all steps of a grievance process even if the prison fails to respond at an earlier step in the process. *See Hicks*, 370 F. App'x. at 499. Thus, all of the evidence suggests that Carrere failed to exhaust both steps of CCC's available grievance process.

The court is compelled to find that there is no genuine dispute as to any material fact and that Corley is entitled to judgment as a matter of law dismissing plaintiff's claims for failure to exhaust administrative remedies. FED.R.CIV.P. 56(a), (e)(3); *Teixeira v. Gregg Cnty. Jail*, 74 F. App'x 388, 389 (5th Cir. 2003).

## Conclusion

The plain language of the PLRA precludes any further action on plaintiff's claims until he has fully exhausted the administrative remedy procedure.[1] Dismissal without prejudice is the

---

[1] *See Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir.1998), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 214 (2007) (§ 1997e(a) "plainly requires that administrative remedies be exhausted before the filing of a § 1983 suit, rather than while the action is pending . . . . [t]o hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation.").

appropriate remedy. *See, e.g., Plaisance, supra*; *Cooper v. Quarterman*, 342 F. Appx. 12, 13 (5th Cir. 2009) (modifying dismissal for failure to exhaust to reflect that it was without prejudice).

Accordingly,

IT IS RECOMMENDED that defendant Teressa Corley's motion for summary judgment, [doc. # 16], be GRANTED, and that plaintiff's claims against her be DISMISSED WITHOUT PREJUDICE for failure to exhaust.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 11th day of May 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE