# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **DAVID P CARRERE** | * | **CIVIL ACTION NO.  16-0591**<br>**Section P** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **STEVE MAY ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion for summary judgment, [doc. # 16], filed by defendant Teressa Corley. Plaintiff David Carerre opposes the motion. [doc. #24]. For reasons assigned below, it is recommended that the motion be GRANTED and that Plaintiff's claims be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

## Background

On April 28, 2016, *pro se* plaintiff David Carrere, an inmate in the custody of Jackson Parish Correctional Center, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. Carrere alleges that he sustained back injuries on November 20, 2015, as a result of a slip and fall that occurred while he was incarcerated at Caldwell Correctional Center ("CCC"). [doc. #1, p. 4]. Carrere was taken to Citizen Hospital the evening of November 20th where the tending doctor told Carrere he needed to see a specialist, gave him a shot to ease the pain, and wrote a prescription for pain medication. *Id.* at 4-5. Three days later, nurse Teressa Corley paid Carrere a medical visit and told plaintiff "that she had to see if the doctor's prescription was right." *Id.* at 5. Carrere said he made several more attempts to see nurse Corley, to no avail. [doc. #6, p. 3]. He complains that nurse Corley "refused to see him and ignored his several requests to see her." *Id.*

at 4. He states that he is still having back problems and nothing has been done to treat him. *Id.* Carrere named as defendants the CCC, Caldwell Parish Sheriff Steve May, nurse Teressa Corley, Warden David Callender, Sergeant Curtis, GEO Corrections ("GEO"), and the Louisiana Department of Corrections ("LDC").

On September 9, 2016, the undersigned completed initial screening pursuant to 28 U.S.C. §§ 1915 and 1915A, and issued a report and recommendation recommending dismissal of all Carrere's claims, except his claims against defendant nurse Corley. [doc. #8]. On November 14, 2016, the district court adopted the report and recommendation, and dismissed Plaintiff's claims against CCC, GEO, LDC, Sgt. Curtis, Sheriff May, and Warden Callender. [doc. #12].

On April 7, 2017, Corley filed the instant motion for summary judgment, arguing that Carrere's claims should be dismissed without prejudice for failure to exhaust CCC's administrative grievance procedure. [doc. #16]. On April 18, 2017, Carrere filed a letter with the Court asking for guidance on how to respond to Corley's motion. [doc. #21]. In response, on April 19, 2017, the Court issued an order explaining to Carrere that he should respond to Corley's motion with "any information he has that tends to agree or disagree with the allegations in the motion for summary judgment," with a focus on whether he has exhausted all steps of the grievance process. [doc. #22]. The Court also informed Carrere that "unsworn, unverified responses or statements are *not* considered competent summary judgment evidence," and suggested Carrere file an affidavit or a sworn statement pursuant to 28 U.S.C. § 1746 in support of his response, if necessary. *Id.* at 1 n. 1. By the same order, the Court granted Carrere an extension of twenty-one days to respond. *Id.* Carrere filed his response on May 11, 2017, [doc.

#24], and this matter is now ripe for decision.[1]

## Discussion

### 1. Summary Judgment Standard

Summary judgment is appropriate when the evidence before the court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(a).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

 "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.*

---

[1] The Court issued an initial report and recommendation on May 11, 2017, recommending dismissal of Carrere's claims for failure to exhaust administrative remedies. [doc. #25]. However, Carrere's response in opposition was filed the same day as the report and recommendation. Accordingly, in the interest of justice, the District Court remanded the instant motion for summary judgment for consideration of Carrere's opposition and for issuance of a supplemental report and recommendation. [doc. #26].

In evaluating the evidence tendered by the parties, the Court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. "The court need consider only the cited materials, but it may consider other materials in the record." FED.R.CIV.P. 56(c)(3). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). There can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23.

When a movant bears the burden of proof on an issue, it must establish "beyond peradventure all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, No. 91-6197, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

2. Applicable Law

Pursuant to 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, and is required even where the relief sought cannot be granted by the administrative process. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). All "available" remedies must be exhausted, whether speedy and effective, or not. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). "Proper exhaustion requires that the prisoner not only pursue all available avenues of relief but

4

also comply with all administrative deadlines and procedural rules." *Johnson v. Kukua*, 342 F. App'x. 933, 934 (5th Cir. 2009) (citing *Woodford, supra*). An untimely or otherwise procedurally defective administrative grievance does not satisfy the exhaustion requirement. *Id*.

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. An inmate is required to "exhaust his remedies, irrespective of the form of relief sought, injunctive or monetary." *Richbourg v. Horton*, No. 08-10443, 2008 WL 5068680 (5th Cir. Dec. 2, 2008) (unpubl.) (citation omitted). In addition, exhaustion applies to claims brought against defendants in their official and/or individual capacities. *See*, *e.g., Williams v. Henagan*, 595 F.3d 610, 618 (5th Cir. 2010); *Hines v. Texas*, 76 F. App'x. 564 (5th Cir. 2003).

The Fifth Circuit consistently has held that an inmate's ignorance of a prison's grievance procedures does not excuse his noncompliance. *Aguirre v. Dyer*, 233 F. App'x. 365 (5th Cir. 2007); *Simkins v. Bridges*, 350 F. App'x. 952, 953-54 (5th Cir. 2009); *Plaisance v. Cain*, 374 F. App'x. 560, 561 (5th Cir. 2010). Moreover, a prisoner is required to exhaust all steps of a grievance process even if the prison fails to respond to his grievances at an earlier step in the process. *Hicks v. Lingle*, 370 F. App'x. 497, 499 (5th Cir. 2010); *Ates v. St. Tammany Parish*, No. 13-5732, 2014 WL 1457777 (E.D. La. Apr. 15, 2014).  Furthermore, to the extent that language on the form or policy regarding subsequent step review is phrased in discretionary rather than mandatory terms, the prisoner still must exhaust all "available" steps.  *Id.* at *3 n. 10 (and cases cited therein); *see also Hicks, supra* (inmate required to proceed to second step even though procedure said only that inmate "may appeal" if dissatisfied with first step response).

Exhaustion is an affirmative defense; thus, the burden is on defendant to establish that

plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

### 3. Carrere Failed to Exhaust his Administrative Remedies

The uncontroverted evidence establishes that the CCC had a two-step Administrative Remedy Procedure ("ARP") in effect during the relevant period. Callender Decl. doc. #16-3, at 1-2; CCC Administrative Remedy Procedure ("CCC ARP") doc. #16-3, at 4. The first step of the ARP requires a prisoner to submit a grievance form to the warden's office within thirty days of the incident, where it is reviewed by the deputy warden, who will then issue a response to the inmate within fifteen days. Callender Decl. doc. #16-3, at 1; CCC ARP doc. #16-3, at 4. If an inmate does not hear from the deputy warden, the second step of the ARP provides that an inmate may ask for a Warden's Review within the following five days. *Id.*

In support of her motion for summary judgment, Corley adduced a sworn declaration from the keeper of records, and former warden, at Caldwell Parish Correctional Center, David Callender. In his declaration, Callender states that Carrere never completed step two of the grievance process regarding his allegations of inadequate medical care that form the basis of this lawsuit. Callender Decl. doc. #16-3, at 2.

In his unsworn response, Plaintiff states that he "followed an[d] exhausted all (ARP) Process[es] possible," and "that he filed an (ARP) to both Warden David Callender and Nurse Corely to no avail." [doc. #24, p. 1].  But Carrere does not specifically state that he filed a step two grievance.[2] Furthermore, even if he did allege that he filed a step two grievance, "mere

---

[2]  The allegations in Carrere's complaint suggest that he only satisfied Step 1 of the grievance process. In his complaint, Carrere states that he "hand wrote an A.R.P. and sent it to the Department of Corrections and to date have never received anything back from them." [doc. #1, p. 3].

conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." *Eason v. Thaler*, 73 F.3d 1322, 1324 (5th Cir. 1996) (dismissing *pro se* § 1983 suit for failure to provide competent summary judgment evidence); *Stout v. North-Williams*, 476 F. App'x 763, 765 (5th Cir. 2012) (affirming dismissal of prisoner § 1983 suit where affidavit submitted in support of motion for summary judgment revealed that Plaintiff did not exhaust); *York v. Wood*, No. 16-1109, 2017 WL 835179, *2 (E.D. Tex. Jan. 13, 2017), *R&R adopted by* 2017 WL 824000 (dismissing *pro se* § 1983 suit for failure to exhaust where the competent summary judgment evidence revealed that Plaintiff did not file a step 2 grievance); *Wheater v. Shaw*, No. 13-813, 2016 WL 783072, *4 (S.D. Miss. Jan. 22, 2016), *R&R adopted by* 2016 WL 817120 (dismissing *pro se* § 1983 suit for failure to exhaust because Plaintiff's contentions that he exhausted administrative remedies were not supported by competent summary judgment evidence).

In the present case, the competent summary judgment evidence reveals that Plaintiff did not exhaust his administrative remedies because he failed to file a step two grievance. As stated above, a prisoner is required to exhaust all steps of a grievance process even if the prison fails to respond at an earlier step in the process. *See Hicks*, 370 F. App'x. at 499. The court is compelled to find that there is no genuine dispute as to any material fact and that Corley is entitled to judgment as a matter of law dismissing plaintiff's claims for failure to exhaust administrative remedies. FED.R.CIV.P. 56(a), (e)(3); *Teixeira v. Gregg Cnty. Jail*, 74 F. App'x 388, 389 (5th Cir. 2003).

**Conclusion**

Accordingly,

IT IS RECOMMENDED that defendant Teressa Corley's motion for summary judgment,

[doc. # 16], be GRANTED, and that plaintiff's claims against her be DISMISSED WITHOUT PREJUDICE for failure to exhaust.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 12th day of June 2017.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE